**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-7232**

MICHAEL T. BRAXTON,

> Petitioner - Appellant,

v.

WARDEN OF THE ANDERSON COUNTY DETENTION CENTER,

> Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Richard Mark Gergel, District Judge.  (8:22-cv-02806-HMH)

Submitted:  July 20, 2023                                      Decided:  July 24, 2023

Before NIEMEYER and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Michael T. Braxton, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael T. Braxton, a state prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on Braxton's 28 U.S.C. § 2241 petition, which sought relief from his confinement pursuant to a state civil commitment proceeding. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Braxton has not made the requisite showing. Specifically, the district court properly applied *Younger v. Harris,* 401 U.S. 37 (1971), which mandates abstention under certain circumstances. While Braxton asserts that he was prejudiced by a delay in his state commitment proceedings rendering *Younger* inapplicable, we find that the delays were not unreasonable given the COVID-19 pandemic and other circumstances. Moreover, following the district court's ruling, the state court committed Braxton following a jury trial, which further undercuts any claim of prejudice and moots many of Braxton's claims. Accordingly, we deny a

2

certificate of appealability and dismiss the appeal.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*